# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

TERESA KING,

     Appellant,

VS.

STATE OF TENNESSEE,

     Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

C.C.A. NO. 01C01-9610-CR-00449

(No. 91-C-1524 Below)

DAVIDSON COUNTY

The Hon. Thomas H. Shriver

(Denial of Post-Conviction Relief)

AFFIRMED PURSUANT TO RULE 20

**FILED**

January 16, 1997

Cecil W. Crowson
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

It appears that the petitioner was originally convicted by a jury of first-degree murder and sentenced to life imprisonment. This Court affirmed the petitioner's conviction on April 29, 1993. See State v. Teresa M. King, No. 01C01-9204-CR-00146 (Tenn. Crim. App., at Nashville, April 29, 1993). Permission to appeal was denied by our Supreme Court on September 13, 1993. The petitioner then filed her petition for post-conviction relief on June 17, 1996. The trial court dismissed the petition without a hearing upon a finding that the petition was filed outside the one-year statute of limitation and that the petitioner's claims did not fall within one of the exceptions to the statute of limitation as set forth in T.C.A. § 40-30-206. We agree.

Pursuant to T.C.A. § 40-30-206(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken. The Compiler's Notes to T.C.A. § 40-30-201 states that the 1995 Post-Conviction Act governs all petitions for post-conviction relief filed after May 10, 1995. Moreover, the Compiler's Notes indicate that "any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part."

Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitation unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the petitioner filed her petition for post-conviction relief on June 27, 1996. Accordingly, the petition is governed by the 1995 Post-Conviction Act, and the petition was filed outside the statute of limitation set forth in T.C.A. § 40-30-202(a). Moreover, the petitioner has failed to show that any of her claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b).

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. Costs are taxed to the petitioner.

ENTER, this the _____ day of January, 1997.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JERRY L. SMITH, JUDGE

-2-